## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

MICKEY CLINE and
VANESSA CLINE

                                                          PLAINTIFFS,

V.                                        CASE NO.   09 - C - 161

MINE SAFETY APPLIANCES COMPANY
and PERSINGER SUPPLY COMPANY,

                                                          DEFENDANTS.

### SUMMONS

**TO THE ABOVE-NAMED DEFENDANTS:**

Mine Safety Appliances Company          Persinger Supply Company
Agent for Process:                      Agent for Process:
C.T. Corporation                        Vernice Deskins
707 Virginia St. E.                     PO Box 330
Charleston WV 25301                     Prichard WV 25555

### IN THE NAME OF THE STATE OF WEST VIRGINIA:

You are hereby summoned and required to serve upon, G. Todd Houck, Plaintiff's attorney,

whose address is 105 Guyandotte Ave, Mullens, West Virginia  25882, an answer, including any

related counterclaim or defense you may have, to the complaint filed against you in the above styled

civil action, a true copy of which is herewith delivered to you. You are required to serve your answer

within 30 days after service of this summons upon you, exclusive of the date of service.  If you fail

to do so, judgment by default, upon proper hearing or trial, may be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action any

claim, cross complaint or defense you may have which must be asserted in the above styled civil

action.

Dated: _July 10, 2009_

                              _Sue Ann Zickefoose_
                              _____
                              CLERK OF COURT

C:\Users\Todd\Documents\Dust Mask\summons.wpd

EXHIBIT
A

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

MICKEY CLINE, and                             )
VANESSA CLINE                                 )
                                              )
Plaintiffs,                                   )
                                              )        CIVIL ACTION NO.
v.                                            )        $09$-$C$-$161$
                                              )
MINE SAFETY APPLIANCES COMPANY, and           )
PERSINGER SUPPLY COMPANY                       )
                                              )
Defendants.                                   )

### COMPLAINT

Come the Plaintiffs, Mickey Cline and Vanessa Cline, by counsel, and for their cause of
action against the above named Defendants, jointly and severally, state as follows:

### I. INTRODUCTION

1.      This law suit is filed on behalf of Mickey Cline, who worked as a coal miner within
the State of West Virginia and was exposed to substantial amounts of harmful dust because the
respirators he used failed to protect him. The respirators were manufactured and sold by Defendants.
As a result, Mr. Cline developed advanced lung disease. Plaintiff, Vanessa Cline, is asserting a loss
of consortium claim herein.

### II. PARTIES

2.      Plaintiffs, Mickey Cline and Vanessa Cline, are residents of the State of West Virginia
with a residence at Box 148, Baisden, WV 25608.

3.      Plaintiff, Vanessa Cline, is the wife of Plaintiff Mickey Cline and asserts a loss of
consortium claim herein.

4.      Defendant, Mine Safety Appliances Company ("MSA"), is a corporation duly
organized and existing under the laws of the State of Pennsylvania with its principal place of
business at 121 Gamma Drive, Pittsburgh, Pennsylvania 15238. The agent for service of process for
Mine Safety Appliances Company is C.T. Corporation, 707 Virginia Street East, Charleston, West
Virginia 25301.

5.      Defendant, Persinger Supply Company, is a corporation duly organized and existing under the laws of the State of West Virginia with its principal place of business at P.O. Box 330, Prichard, West Virginia 25555. The agent for service of process is Vernice Deskins, P.O. Box 330, Prichard West Virginia 25555.

### III. JURISDICTION

6.      Plaintiffs' claims are brought solely under West Virginia law and Plaintiffs state that they do not bring any claims and disclaim any and all claims under federal laws, statutes or regulations.

7.      The damages sustained by the Plaintiffs are in excess of the minimum jurisdictional limits of this Court.

8.      Defendants are all corporations or other business entities which have been and/or are now manufacturing, selling, distributing, supplying, or otherwise placing in the stream of commerce respirators, dust masks or other respiratory protection; this Court has personal jurisdiction over all out of state defendants under W. Va. Code § 56-3-33 (the Long Arm Statute) and W. Va. Code § 31-1-15 as these defendants have transacted business in this state and supplied their products and committed a tort within the State of West Virginia.

### IV. VENUE

9.      The Court has venue of this action in that the Plaintiff, Mickey Cline, used respirators manufactured, sold, distributed and/or supplied by the Defendants in Wyoming County, West Virginia and surrounding areas, and sustained injury as a result thereof.

### V. FACTS

10.     Plaintiff, Mickey Cline, worked as a coal miner from approximately 1971-1997. Plaintiff's coal mine employers included Pine Rock Coal Co, Rayborn Mining, Logan-Mohawk, Cherokee Mining, M&D Mining, Energy Coal Income Ltd., and Hobet Mining. At these mine sites, Plaintiff Mickey Cline used respirators manufactured and sold by Defendant, Mine Safety Appliances, for protection against harmful dust. Plaintiff used MSA's respirators in their intended manner.

11.     Defendant, Persinger Supply, distributed, supplied and sold MSA respirators used by Plaintiff, Mickey Cline. Persinger Supply sold the MSA respirators to Mr. Cline's employers, who in turn provided them to Mr. Cline for use in the mines.

12.     The respirators used by Plaintiff and manufactured, sold, and distributed by the Defendants were subjected to normal use and remained, in all material respects, in the same condition as at the time of sale.

2

13.     The MSA respirators used by Mr. Cline leaked substantial amounts of harmful dust into his breathing zone. The defects causing the leakage were hidden, and the dust leaking through the MSA respirator was so small (submicron in size), it was undetectable by the human senses (including Mr. Cline's). Thus, Mr. Cline was not aware of the harmful dust leaking through his MSA respirators nor of the causal connection between his respirators and his disease; rather, he believed that his MSA respirators were protecting his lungs from the harmful dust in the mines. Plaintiff only discovered that the respirators he used may have been a cause of his disease within two years of filing this Compliant.

14.     Plaintiff, Mickey Cline, has developed an occupational lung dust disease known as coal worker's pneumoconiosis and/or "black lung." His lung disease was caused by the hidden defects in and the inadequate warnings provided with the MSA respirators.

## VI. COUNT ONE - STRICT LIABILITY CLAIM AGAINST MINE SAFETY APPLIANCES AND PERSINGER SUPPLY

15.     Plaintiffs adopt by reference the allegations contained and set forth above.

16.     West Virginia law provides that a manufacturer (Mine Safety Appliances) and distributor (Persinger Supply) may be held strictly liable when they place into the stream of commerce a product that is not reasonably safe for its intended use, and the unsafe product is a cause of harm to the Plaintiff.

17.     Defendants, Mine Safety Appliances and Persinger Supply, are strictly liable in tort to the Plaintiffs because they sold and distributed a defective product; namely, the MSA respirators used by Mr. Cline. Plaintiffs will prove that the MSA respirators were not reasonably safe for their intended and foreseeable use for one or more of the following reasons:

i.      When used in coal mining conditions, the respirators leaked substantial amounts of harmful dust into the breathing zone of the user (Mr. Cline), including through the filter of the respirator;

ii.     The defect in the filter causing the leakage was not detectable by Mr. Cline and was not obvious in nature;

iii.    The harmful dust leaking through the filter of the MSA respirator and into Mr. Cline's breathing zone was not detectable by the human senses because it was too small in size.

iv.     Defendants failed to provide any type of warning of the hidden leakage problem;

v.      A reasonably prudent manufacturer would not have manufactured, sold and distributed respirators with this hidden defect and with inadequate warnings in the relevant time frame. This is particularly true because a respirator is a safety product

3

on which miners rely to protect themselves and their health.

vi.     Defendant, Mine Safety Appliances Company, and other respirator manufacturers sold, in the relevant time frame, another type of dust respirator that did not substantially leak harmful dust when used in coal mining operations.

vii.    At all material times, Mr. Cline used his MSA respirators in their intended manner.

18.     Based on the foregoing, the Defendants have breached the implied warranty of fitness because the respirators they placed into the stream of commerce were defective and not reasonably suitable, safe or fit for the purposes for which they were sold. Implicit in the respirators' presence on the market was the representation by the manufacturer and seller that the respirators would safely perform the functions for which they were constructed. (Breach of Implied Warranty Claim).

19.     As a direct and proximate result of the defective and unsafe respirators manufactured, distributed and sold by Defendants Mine Safety Appliances and Persinger Supply, Plaintiffs have suffered serious bodily harm and/or damages.

## VII. COUNT TWO - NEGLIGENCE CLAIM AGAINST MINE SAFETY APPLIANCES

20.     Plaintiffs adopt by reference the allegations contained and set forth above.

21.     Defendant, Mine Safety Appliances, is liable to the Plaintiffs for negligence in one or more of the nonexclusive respects, which negligence was a direct and proximate cause of the harm and injuries suffered by the Plaintiff, Mickey Cline.

22.     Defendant, Mine Safety Appliances, knew or should have known that the respirator used by Mr. Cline would not effectively protect coal miners, such as the Plaintiff, from inhalation of harmful dust particles. Specifically, based on its own testing and information and testing performed by others, MSA knew or should have known that the filter in the respirator would leak substantial amounts of harmful dust when used in coal mining operations. MSA should have corrected the leakage problem or prohibited the use of this respirator in coal mining operations.

23.     Defendant, Mine Safety Appliances, should have warned of the hidden dangers and limitations in its respirator when used in coal mines. Defendant MSA was negligent in failing to do so.

24.     Defendant, Mine Safety Appliances, knew or should have known that despite the defects described above, its respirator could meet the minimal governmental approval standards. Further, MSA knew or should have known, that the respirator used by Mr. Cline could pass the minimal government approval test yet still fail to provide adequate respiratory protection to the user. Defendant, Mine Safety Appliances, concealed and failed to disclose to the public at large, and the purchasers and users of its respirator, the fact that government approval did not mean that the respirator protected the worker in the field. Instead, Defendant Mine Safety Appliances engaged in

-4-

using the governmental approval as a cover for selling respirators which it knew, or should have know, were defective and ineffective.

25.    The acts and omissions of Defendant Mine Safety Appliances described above constitute negligence in that there has been a failure to utilize reasonable care under the circumstances.

26.    Accordingly, Defendant Mine Safety Appliances is liable for its negligence in manufacturing and designing respirators that were unsafe, had hidden defects and had dangerous limitations for safe use as stated above; for failing to adequately warn purchasers and users of the respirators; for failing to provide proper safe use instructions; for making material misrepresentations and omissions to plaintiff and his employer regarding the protective capabilities of the respirator; and for other acts to be more fully addressed at trial.

27.    As a direct and proximate result of the negligence of Defendant Mine Safety Appliances as set forth above, the Plaintiffs have sustained bodily harm and/or damages.

## VIII. PUNITIVE DAMAGES AGAINST MINE SAFETY APPLIANCES

28.    Plaintiffs adopt by reference the allegations contained and set forth above.

29.    Defendant, Mine Safety Appliances, had actual knowledge that the type of respirator used by Mr. Cline substantially leaked harmful, undetectable dust into the breathing zone of the wearer, when used in conditions commonly found in coal mining. Further, MSA knew that the inhalation of such dust could cause serious, progressive lung disease. Nevertheless, Defendant, Mine Safety Appliances, specifically marketed the respirator as being safe and effective for use by coal miners.

30.    Defendant, Mine Safety Appliances, should have warned that the type of respirator worn by Plaintiff was not appropriate for use in coal mining operations. Nothing prevented Defendant from taking such action.

31.    The Defendant, Mine Safety Appliances, is subject to a punitive damage award because it acted with gross fraud, malice, oppression or wanton, willful or reckless conduct towards the health and safety of the user of its respirator, here the plaintiff. Consider that MSA did not recall the respirator at any time nor ever warn of the hidden defect.

32.    The suppression of information and misrepresentations by Defendant Mine Safety Appliances was motivated by its desire to obtain an unjust economic advantage, including maximizing sales and profits from the sale of the products at the expense of the health of coal miners, including this Plaintiff.

33.    The aforesaid actions of the Defendant Mine Safety Appliances constitute malicious willful and wanton conduct and gross negligence, and demonstrate a complete disregard and

indifference to the safety of the Plaintiff. As a result, Plaintiff seeks punitive damages against Defendant Mine Safety Appliances.

## IX. LOSS OF CONSORTIUM OF VANESSA CLINE

34.    Plaintiffs adopt by reference the allegations contained and set forth above.

35.    Plaintiff Vanessa Cline is the wife of Plaintiff Mickey Cline.

36.    As a direct and proximate result of the aforementioned strict liability, negligence and gross negligence, Vanessa Cline has suffered substantial mental distress and anguish.

37.    Plaintiff, Vanessa Cline, is entitled to recover damages for the loss of affection, care, society, companionship, and consortium of her husband Mickey Cline.

## X. DAMAGES

38.    Plaintiffs adopt by reference the allegations contained and set forth above.

39.    Plaintiffs Mickey Cline and Vanessa Cline, have sustained substantial damages as a result of the defendant's defective product and conduct as described above. Their damages include, but are not limited to, severe and permanent injuries to Plaintiff Mickey Cline; medical, hospital, and other healthcare costs (past, present and future); physical pain and suffering (past, present and future); emotional distress and mental anguish (past, present and future); loss of ability to enjoy life (past, present and future); lost wages, earning capacity and other economic losses (past, present and future) and punitive damages.

40.    Defendants are jointly and severally liable for the damages herein as they are strictly liable for the manufacture and sale of a defective product (the respirators used by Plaintiff).

## XI. PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiffs Mickey Cline and Vanessa Cline demand judgment against the Defendants, jointly and severally, as follows:

1.    For compensatory damages in an amount that is fair and reasonable as shown by the evidence;
2.    For punitive damages against Defendant, Mine Safety Appliances Company only, in an amount that is fair and reasonable as shown by the evidence;
3.    For Plaintiffs' costs herein expended;
4.    For a declaration of rights between the parties;
5.    For prejudgment and post judgment interest until paid; and
6.    For all further relief to which Plaintiffs are entitled.
      **A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**MICKEY CLINE**
**VANESSA CLINE**
**BY COUNSEL**

**G. TODD HOUCK**
**Attorney for Plaintiffs**

G. Todd Houck                    5674
Attorney at Law, lc.
105 Guyandotte Avenue
Mullens, WV 25882
Phone: (304) 294-8055
Fax: (304) 294-8077

CASE  09-C-161                      BOONE                                    PAGE  1

MICKEY CLINE AND VANESSA CLINE vs. MINE SAFETY APPLIANCES COMPANY

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 07/10/09 | CIVIL CASE INFORMATION STATEMENT |
| 2 | 07/10/09 | COMPLAINT REC & FILED BY: TODD HOUCK 105 GUYANDOTTE AVE., |
| 3 | | MULLINS WV 25882 PH# 294-8055 |
| 4 | 07/10/09 | SUMMONS ISSUED TO SEC OF STATE FOR SERVICE ON: MINE SAFETY & |
| 5 | | PERSINGER SUPPY |
| 6 | 07/16/09 | COMPLAINT & SUMMONS RET'D. SERVED ON SEC. OF ST. ON BEHALF OF |
| 7 | | PERSINGER SUPPLY CO. 7/14/09. |
| 8 | 07/16/09 | COMPLAINT & SUMMONS RET'D. SERVED ON SEC. OF ST. ON BEHALF OF |
| 9 | | MINE SAFETY APPLIANCES CO. 7/14/09. |
| 10 | 07/27/09 | CIVIL CASE INFORMATION STATEMENT REC'D & FILED. |
| 11 | 07/27/09 | ANSWER OF PERSINGER SUPPLY CO. FILED BY: RANDALL L. TRAUTWEIN, |
| 12 | | ESQ., P.O. BOX 2488, HUNTINGTON, WV 25725. CERT. OF SERV. |
| 13 | 07/28/09 | CERT. OF SERV. OF "DEFENDANT PERSINGER SUPPLY CO.'S FIRST SET |
| 14 | | OF INTERROGATORIES & REQUESTS FOR PRODUCTION OF DOCUMENTS TO |
| 15 | | PLAINTIFF MICKEY CLINE" REC'D & FILED. |
| 16 | 08/04/09 | NOTICE OF APPEARANCE OF BAKER & RICH ON BEHALF OF MINE SAFETY |
| 17 | | APPLIANCES CO. REC'D. & FILED. CERT. OF SERV. |
| 18 | 08/04/09 | CERT. MAIL RECT. FROM SEC. OF ST. SIGNED FOR PERSINGER SUPPLY |
| 19 | | CO. BY TERNICI DESKINS 7/16/09. |
| 20 | 08/04/09 | CERT. MAIL RECT. FROM SEC. OF ST. SIGNED FOR MINE SAFETY |
| 21 | | APPLIANCES CO. BY SHARON R. BARTH 7/16/09. |
| 22 | 08/11/09 | CIVIL CASE INFORMATION STATEMENT REC'D. & FILED. |
| 23 | 08/11/09 | ANSWER ON BEHALF OF DEFENDANT, MINE SAFETY APPLIANCES CO. FILED |
| 24 | | BY: ROY D. BAKER, JR., ESQ., RIVER TOWER - SUITE 300, |
| 25 | | 1108 THIRD AVE, HUNTINGTON, WV 25701. CERT. OF SERV. |
| 26 | 08/17/09 | CROSS CLAIM OF PERSINGER SUPPLY CO. AGAINST MINE SAFETY |
| 27 | | APPLIANCES CO. REC'D & FILED. CERT. OF SERV. |
| 28 | 09/22/09 | NOTICE OF HEARING SET FOR OCT. 19, 2009 AT 9:30 AM REC'D. |
| 29 | 09/22/09 | MOTION FOR ADMISSION OF ERIC J. JACOBI PRO HAC VICE REC'D. |
| 30 | 09/22/09 | VERIFIED STATEMENT OF ERIC J. JACOBI IN SUPPORT OF APPLICATION |
| 31 | | FOR ADMISSION PRO HAC VICE REC'D. & FILED. CERT. OF SERV. |
| 32 | 10/14/09 | VERIFIED STATEMENT OF ERIC J. JACOBI IN SUPPORT OF APPLICATION |
| 33 | | FOR ADMISSION PRO HAC VICE REC'D AND FILED. |
| 34 | 10/22/09 | ANSWER ON BEHALF OF MINE SAFTEY APPLIANCES COMPANY TO CROSS |
| 35 | | OF PERSINGER SUPPLY COMPANY REC'D AND FILED BY ROY D. BAKER |
| 36 | | JR. 1108 3RD AVENUE HUNTINGTON WV 25701. |
| 37 | 11/10/09 | ORDER ENTERED, ON MOTION FOR ADMISSION OF ERIC J. JACOBI |
| 38 | | PRO HAC VICE. IS GRANTED. |
| 39 | 10/06/10 | CERT. OF SERVICE OF DEFENDANT PERSINGER SUPPLY CO.'S 2ND SET OF |
| 40 | | INTERROGATORIES & REQUESTS FOR PRODUCTION OF DOCUMENTS & 1ST |
| 41 | | SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS. |
| 42 | 01/19/10 | NOTICE OF ENTRY OF APPEARANCE OF JOHN HUNT MORGAN. CERT. OF |
| 43 | | SERVICE. |

EXHIBIT

B

155/429

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

MICKEY CLINE and VANESSA CLINE,

        Plaintiffs,

                                    CIVIL ACTION NO.: 09-C-161

v.

MINE SAFETY APPLIANCES COMPANY
and PERSINGER SUPPLY COMPANY,

        Defendants.

### DEFENDANT PERSINGER SUPPLY COMPANY'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS

Pursuant to the West Virginia Rules of Civil Procedure 36 (regarding requests for admission), 33 (regarding interrogatories) and 34 (regarding requests for production of documents), you are required to answer the following discovery requests separately and fully, in writing and under oath, and to produce the requested documents all within thirty (30) days after service of these requests upon you.

A.     These interrogatories are continuing in character, so as to require you to file supplementary answers if further information is obtained.

B.     Where the name or identity of a person is requested, state full name, home and business address.

C.     Unless otherwise indicated, these interrogatories refer to the time, place and circumstance of the occurrence complained of in the pleadings.

D.     Where knowledge, information or possession of a party is requested, such request includes knowledge of the party's agents, representatives, and, unless privileged, attorneys.

F:\#\5950-02\P\2nd Set of Inter & RPD & Req for Adm to Plaintiffs-Cline.doc



EXHIBIT
C

E.     The pronoun "you" refers to the party to whom these interrogatories and requests are addressed and the persons mentioned in Clause "D."

F.     With respect to the various production requests contained herein, please produce for inspection and copying at a time and place to be agreed upon by counsel, all of the information requested that is in the possession of you, your spouse or your attorney (unless a privilege is claimed and, if so, indicate the basis therefor), or to which you, your spouse or your attorney have access.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**     In regard to the allegation, in paragraph 11 of your Complaint, that Persinger Supply Company "sold the MSA respirators to Mr. Cline's employers, who in turn provided them to Mr. Cline for use in the mines", please admit that you have no evidence that Persinger Supply Company ever sold any MSA respirators either to Mr. Cline or to his employers.

**Response:**


**Request for Admission No. 2:**  In regard to the allegation, in paragraph 11 of your Complaint, that Persinger Supply Company "distributed, supplied and sold MSA respirators used by Plaintiff, Mickey Cline", please admit that you have no evidence that Mr. Cline ever used an MSA respirator distributed, supplied, or sold by Persinger Supply Company.

**Response:**

## INTERROGATORIES

**Interrogatory No. 1:** If you denied Request for Admission No. 1 above, please

(a)   identify and describe the evidence that Persinger Supply Company sold MSA respirators either to Mr. Cline or to his employers;

(b)   specify the type and model of each of the aforementioned respirators sold and time period when each sale took place; and

(c) identify the purchaser of each of the aforementioned respirators.

**Answer:**


**Interrogatory No. 2:** If you denied Request for Admission No. 2 above, please

(a)   identify and describe the evidence that Mr. Cline used MSA respirators distributed, supplied, or sold by Persinger Supply Company;

(b)   specify the type and model of each of those aforementioned respirators and the time period when Mr. Cline used each of them; and

(c)   identify the employers of Mr. Cline during each of those time periods.

**Answer:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.   If the evidence referenced in your answer to Interrogatory No. 1 above includes writings, documents, records, or any other items of physical evidence, please produce those items of evidence.

**Response:**

F:\#\5950-02\P\2nd Set of Inter & RPD & Req for Adm to Plaintiffs-Cline.doc

2.      If the evidence referenced in your answer to Interrogatory No. 2 above includes writings, documents, records, or any other items of physical evidence, please produce those items of evidence.

**Response:**

                                        PERSINGER SUPPLY COMPANY
                                        By Counsel

Randall L. Trautwein, Esquire, WVSB #3791
Lamp, O'Dell, Bartram, Levy & Trautwein, PLLC
P. O. Box 2488
Huntington, WV  25725
(304) 523-5400
COUNSEL FOR PERSINGER SUPPLY COMPANY

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

MICKEY CLINE and VANESSA CLINE,

      Plaintiffs,

                                          CIVIL ACTION NO.:  09-C-161

v.

MINE SAFETY APPLIANCES COMPANY
and PERSINGER SUPPLY COMPANY,

      Defendants.

### CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that a copy of DEFENDANT PERSINGER SUPPLY COMPANY'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS was this the _5th_ day of January, 2010 served upon the following counsel of record by mailing the same, postage prepaid, in the United States Mail:

        G. Todd Houck, Esquire
        Hrko Building
        105 Guyandotte Avenue
        Mullens, WV  25882

        Eric J. Jacobi, Esquire
        Kenealy & Jacobi, PLLC
        462 South 4th Street, Suite 1730
        Louisville, KY  40202

        Roy D. Baker, Jr., Esquire
        Baker & Rich
        Huntington Central Building
        320 Ninth Street, Suite 200
        Huntington, WV  25701

                                      Randall L. Trautwein, Esquire, WVSB #3791

F:\#\5950-02\P\2nd Set of Inter & RPD & Req for Adm to Plaintiffs-Cline.doc