RECEIVED

APR 1 4 2010

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICKEY CLINE and
VANESSA CLINE

                                     CIVIL ACTION NO.  2:10-0230

             Plaintiffs,

v.

MINE SAFETY APPLIANCES COMPANY and
PERSINGER SUPPLY COMPANY,

             Defendants.

## MEMORANDUM OF LAW ON BEHALF OF MINE SAFETY APPLIANCES COMPANY IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

       The Defendant, Mine Safety Appliances Company (hereinafter "MSA"), by and through its counsel, Roy D. Baker, Jr., of Baker Law Offices, hereby respectfully responds to Plaintiffs' Motion to Remand.

## I. PROCEDURAL HISTORY

       A civil action styled *Mickey Cline and Vanessa Cline v. Mine Safety Appliances Company and Persinger Supply Company*, was commenced by a Complaint filed on July 9, 2009, in the Circuit Court of Boone County, West Virginia, as Civil Action No. 09-C-161, hereinafter referred to as "the state court action."  On August 10, 2009, MSA filed its Answer to Plaintiffs' Complaint in the state court action, denying Plaintiffs' allegations against MSA and alleging, among other matters, the Affirmative Defense that, "Plaintiffs have fraudulently joined Persinger Supply Company as a party to this action in order to defeat diversity of citizenship and,

therefore, prevent removal of this action to the United States District Court for the Southern District of West Virginia." [See Exhibit A.[1]]

Thereafter, Persinger Supply Company embarked upon an aggressive series of Discovery Requests directed towards the Plaintiffs in the state court action, filing two separate sets of Interrogatories, two separate sets of Requests Production of Documents and one separate set of Request for Admissions. Subsequently, the Plaintiffs filed Responses to the initial Sets of Interrogatories and Requests for Production of Documents served by Persinger Supply Company. To date, the Plaintiffs have neither filed Responses to the Second Set of Interrogatories and Requests for Production of Documents, nor to the First Set of Request for Admissions. The Docket Sheet in the state court action is void of any stipulation entered into between the Plaintiffs and Persinger Supply Company, pursuant to the provisions of Rule 29(b)(2) and 36(a) of the West Virginia Rules of Civil Procedure, in regard to the filing of Responses to the First Set of Request for Admissions. [See Exhibit B.[2]]

On March 4, 2010, MSA filed its "Notice of Removal," removing the state court action to the United States District Court for the Southern District of West Virginia at Beckley, pursuant to 28 U.S.C. § 1332, 1441 and 1446 on the basis that Persinger had been fraudulently joined as a Defendant in the state court action because there existed no factual or legal possibility that Plaintiffs could establish a cause of action for the injuries allegedly sustained by Plaintiffs against Persinger, a West Virginia citizen, in a West Virginia state court because Plaintiffs could

---

[1]    A true and correct copy of the *Answer on Behalf of Defendant, Mine Safety Appliances Company*, is appended hereto as Exhibit A.

[2]    A true and correct copy of the Boone County Circuit Court docket in *Mickey Cline, et al. v. Mine Safety Appliances Company, et al.;* Civil Action No.: 09-C-161, is appended hereto as Exhibit B.

2

not provide proof that any of the respirators Mickey Cline allegedly used in the underground

mines were distributed or supplied by Persinger.  [See Notice of Removal at ¶ 6(a).]

On April 1, 2010, Plaintiffs filed a Motion to Remand this matter to the Circuit

Court of Boone County, West Virginia.


## II. ARGUMENT

**A.     PLAINTIFFS' MOTION TO REMAND MUST BE DENIED WHERE THE PLAINTIFFS AND PERSINGER SUPPLY COMPANY IGNORED THE REQUIREMENTS OF RULE 29(b)(2) OF THE WEST VIRGINIA RULES OF CIVIL PROCEDURE BY FAILING TO PROMPTLY FILE WITH THE CLERK OF THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA, A STIPULATION, IN WRITING, SIGNED BY THE PARTIES IN REGARD TO THEIR INFORMAL EXTENSION TO MODIFY THE PROVISIONS OF RULE 36 OF THE WEST VIRGINIA RULES OF CIVIL PROCEDURE**

Rule 36 of the West Virginia Rules of Civil Procedure provides, in relevant part,

that:

> "Each matter of which an admission is requested shall be separately set forth.  The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him."  W.Va. Rules Civ. Proc., Rule 36(a).

Thus, any agreement to modify the requirements of Rule 36 of the West Virginia Rules of

Civil Procedure must comply with the provisions of Rule 29. W.Va. Rules Civ. Proc., Rule

36(a).  The clear and unambiguous terms of Rule 29(b)(2) provide that:

3

(2) "Subject to paragraph (3), stipulations to modify discovery procedures or limitations will be valid and will be enforced as if established by order of the court, provided the stipulations are in writing, signed by the parties making them or their counsel, timely filed with the clerk of the court, and do not affect the time limits specified in subparagraph (1). W.Va. Rules Civ. Proc., Rule 29(b)(2).

The Docket Sheet maintained by the Clerk of the Circuit Court of Boone County, West Virginia is void of any stipulation, in writing, signed by the parties and timely filed with the Clerk of the Court. [See Exhibit B.] Thus, the informal e-mails exchanged between counsel for the Plaintiffs and Persinger Supply Company do not meet the requirements of Rule 29(b)(2) and, thus, have no ability to modify the provisions of Rule 36 of the West Virginia Rules of Civil Procedure.[3] Moreover, Rule 23.05 of the West Virginia Trial Court Rules provides that, unless otherwise ordered, stipulations must be in writing, signed by the parties making them or their counsel, and promptly filed with the Clerk. See *Lacy v. CSX Transp. Inc.*, 205 W.Va. 630, 520 S.E.2d 418 (1999).

On January 4, 2010, Persinger Supply Company propounded upon the Plaintiffs the following Request for Admissions:

---

[3]     One of the Affidavits relied upon by the Plaintiffs in their Motion to Remand was submitted by Eric J. Jacobi, who identifies himself as co-counsel with G. Todd Houck for the Plaintiffs in this matter.  However, Mr. Jacobi has failed to take any steps whatsoever to be admitted Pro Hac Vice, pursuant to the provisions of Rule 83.6(a) of the Local Rules for the United States District Court for the Southern District of West Virginia.  Similarly, the Affidavits submitted by Mickey H. Cline, Eric J. Jacobi, Randall L. Trautwein and Jack R. Robertson, seek to introduce issues beyond the scope of the present Motion to Remand by including allegations that were not part of the record in the state court action and, therefore, should be disregarded by the Federal District Court.  Alternatively, MSA should have the opportunity to test the veracity of the representations made in such Affidavits by way of Deposition prior to a ruling by the Federal Court upon the Plaintiffs' Motion to Remand.

4

Request for Admission No. 1:

In regard to the allegation, in paragraph 11 of your Complaint, that Persinger Supply Company "sold the MSA respirators to Mr. Cline's employers, who in turn provided them to Mr. Cline for use in the mines", please admit that you have no evidence that Persinger Supply Company ever sold any MSA respirators either to Mr. Cline or to his employers.

Request for Admission No. 2:

In regard to the allegation, in paragraph 11 of your Complaint, that Persinger Supply Company "distributed, supplied and sold MSA respirators used by Plaintiff, Randy H. Cline," please admit that you have no evidence that Mr. Cline ever used an MSA respirator distributed, supplied, or sold by Persinger Supply Company.

Plaintiffs' have never responded to the Request for Admissions that were propounded on behalf of Persinger Supply Company. Pursuant to Rule 36(a) of the West Virginia Rules of Civil Procedure, Request for Admissions are deemed admitted if no response is provided within thirty days of service of Request for Admissions. W.Va. Rules Civ. Proc., Rule 36(a). In the present case, the Docket Sheet in the state court is void of any evidence that Plaintiffs made any attempt to file responses to the Request for Admissions propounded by Persinger Supply within the time frame required by Rule 36 of the West Virginia Rules of Civil Procedure. As such, Persinger's Request for Admissions must be deemed admitted, including the Request that specifically asked Plaintiffs to admit that they possessed no evidence that Persinger Supply Company ever distributed, supplied and/or sold any MSA respirators either to Mr. Cline or his employers.

**B.     PLAINTIFFS MAY NOT FRAUDULENTLY JOIN PERSINGER SUPPLY COMPANY TO DEFEAT DIVERSITY JURISDICTION**

A Defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C §1441.   A federal district court has original jurisdiction over cases between citizens of different states ( the "diversity of citizenship" requirement) where the amount in controversy exceeds $75,000.00, exclusive of interests and costs.   See 28 U.S.C. §1332(a).   Diversity of citizenship between the parties must be complete in order for jurisdiction to be conferred on the federal courts. *Owen Equip. & Erection Co., v. Kroger*, 437 U.S. 365, 373-74 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).   In order for complete diversity to be established, none of the defendants can be a citizen of the same  state as any of the plaintiffs. Id.   The party seeking removal bears the burden of establishing federal jurisdiction. See *Mulchaey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).   However, a Plaintiff is not permitted to join a Defendant simply for the purpose of defeating federal diversity jurisdiction. See *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir.1999).

The admission by the Plaintiffs that they possess no evidence that Persinger Supply Company ever distributed, supplied and/or sold any MSA respirators either to Mr. Cline or his employers clearly establishes that Persinger Supply Company was fraudulently joined as a Defendant in the state court action.   The fact that the Plaintiffs sought open-ended extensions from Persinger Supply Company without complying with the unequivocal terms of Rule 29(b)(2) of the West Virginia Rules of Civil Procedure renders moot any further response on behalf of the Plaintiffs to these Request for Admissions.   By totally

6

ignoring the provisions of Rule 36(a) and 29(b)(2) of the West Virginia Rules of Civil Procedure, the Request for Admissions served upon the Plaintiffs on behalf of Persinger Supply Company are automatically deemed admitted.  Failure to respond to request for admissions will be deemed an admission of the matter set forth in the request.  Rule Civ. Proc., Rule 36.  *Checker Leasing, Inc. v. Sorbello*, 1989, 181 W.Va. 199, 382 S.E.2d 36; *Dingess-Rum Coal Co. v. Lewis*, 1982, 170 W.Va. 534, 295 S.E.2d 25.

The gravamen of the Plaintiffs claims against MSA, as alleged in Paragraph 10 of their Complaint, is that Mickey Cline "worked as a coal miner from approximately 1971 to 1997" and that at several mine sites he "used respirators manufactured and sold by Defendant, Mine Safety Appliances, for protection against harmful dust." In Paragraph 11 of their Complaint, Plaintiffs further alleged that Persinger "distributed, supplied and sold MSA respirators used by Plaintiff, Mickey Cline" and "sold the MSA respirators to Mr. Cline's employers, who in turn provided them to Mr. Cline for use in the mines." Since the Plaintiffs have admitted that none of the respirators used by Mickey Cline during his employment with any employer were distributed, supplied and/or sold by Persinger Supply Company, then no cause of action can be maintained by the Plaintiffs against Persinger Supply Company and thus Removal of this case to Federal Court on the basis of fraudulent joinder is appropriate.

### III. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Defendant, Mine Safety Appliances Company, respectfully requests that this Court deny Plaintiffs' Motion to Remand.

MINE SAFETY APPLIANCES COMPANY

BY COUNSEL

Roy D. Baker, Jr., WV State Bar No.: 219
BAKER LAW OFFICES
HUNTINGTON CENTRAL BUILDING
320 NINTH STREET - SUITE 200
HUNTINGTON, WEST VIRGINIA 25701
TELEPHONE: (304)522-6906
FACSIMILE: (304) 522-6910
EMAIL: rbaker@bakerlawoffices.org

8

# EXHIBIT A

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**MICKEY CLINE and**
**VANESSA CLINE,**

                                   **Civil Action No. 09-C-161**

                **Plaintiffs,**

**v.**

**MINE SAFETY APPLIANCES COMPANY**
**and PERSINGER SUPPLY COMPANY,**

                **Defendants.**

## ANSWER ON BEHALF OF DEFENDANT,
## <u>MINE SAFETY APPLIANCES COMPANY</u>

Defendant, Mine Safety Appliances Company ("MSA"), by and through its counsel, Baker & Rich, and in response to the specifically numerated allegations set forth in the Complaint, hereby states as follows:

### <u>DEFINITIONS</u>

As used herein, words used in singular include the plural and vice versa, words written in the masculine include the feminine and vice versa, and words written in the present tense include the past and vice versa.

### <u>FIRST DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted against MSA.

### <u>SECOND DEFENSE</u>

The causes of action asserted in the Complaint, and each of them, are barred by applicable statute(s) of limitation.

## THIRD DEFENSE

In response to the specifically numerated allegations set forth in the Complaint, MSA hereby states as follows:

## I. INTRODUCTION

1.      MSA denies the allegations contained in Paragraph 1 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

## II. PARTIES

2.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

3.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

4.      This Defendant admits to the allegations contained in Paragraph 4 of the Complaint.

5.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint insofar as such allegations apply to other parties to the action and, therefore, denies those allegations and demands strict proof thereof.

### III. JURISDICTION

6.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

7.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

8.     MSA denies the allegations contained in Paragraph 8 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint insofar as such allegations apply to other parties to the action and, therefore, denies those allegations and demands strict proof thereof.

### IV. VENUE

9.     MSA denies the allegations contained in Paragraph 9 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9 of the Complaint insofar as such allegations apply to other parties to the action and, therefore, denies those allegations and demands strict proof thereof.

### V. FACTS

10.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

11.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies those allegations and demands strict proof thereof, insofar as such allegations apply to MSA.

12.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

13.     MSA denies the allegations contained in Paragraph 13 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint insofar as such allegations apply to other parties to the action and, therefore, denies those allegations and demands strict proof thereof.

14.     MSA denies the allegations contained in Paragraph 14 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint insofar as such allegations apply to other parties to the action and, therefore, denies those allegations and demands strict proof thereof.

## VI.  COUNT ONE - STRICT LIABILITY CLAIM AGAINST MINE SAFETY APPLIANCES AND PERSINGER SUPPLY

15.     MSA hereby restates and incorporates its responses to Paragraphs 1-14 of the Complaint as if fully restated verbatim herein.

16.     MSA denies the statements of law contained in Paragraph 16 of the Complaint, and demands strict proof thereof, insofar as such statements infer legal duties that do not exist under the laws of the State of West Virginia.  Further, MSA denies the allegations

contained in Paragraph 16 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

    17. MSA denies the allegations contained in Paragraph 17 subparagraphs (i) through (vii) of the Complaint, both inclusive, and demands strict proof thereof, insofar as such allegations apply to MSA. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 subparagraphs (i) through (vii) of the Complaint, both inclusive, insofar as such allegations apply to other parties to the action and, therefore, denies those allegation and demands strict proof thereof.

    18. MSA denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof, insofar as such allegations apply to MSA. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 of the Complaint, insofar as such allegations apply to other parties to the action and, therefore, denies those allegation and demands strict proof thereof.

    19. MSA denies the allegations contained in Paragraph 19 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

## VII.  COUNT TWO - NEGLIGENCE CLAIM AGAINST MINE SAFETY APPLIANCES

    20. MSA hereby restates and incorporates its responses to Paragraphs 1-19 of the Complaint as if fully restated verbatim herein.

21.    This Defendant denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22.    This Defendant denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23.    This Defendant denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24.    This Defendant denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25.    This Defendant denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26.    This Defendant denies the allegations contained in Paragraph 26 of the Complaint and demands strict proof thereof.

27.    MSA denies the allegations contained in Paragraph 27 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

## VIII.  PUNITIVE DAMAGES AGAINST MINE SAFETY APPLIANCES

28.    MSA hereby restates and incorporates its responses to Paragraphs 1-27 of the Complaint as if fully restated verbatim herein.

29.    This Defendant denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.

30.     This Defendant denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31.     This Defendant denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32.     This Defendant denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33.     This Defendant denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

### IX.  LOSS OF CONSORTIUM OF VANESSA CLINE

34.     MSA hereby restates and incorporates its responses to Paragraphs 1-33 of the Complaint as if fully restated verbatim herein.

35.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

36.     MSA denies the allegations contained in Paragraph 36 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 36 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

37.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

## X.  DAMAGES

38.     MSA hereby restates and incorporates its responses to Paragraphs 1-37 of the Complaint as if fully restated verbatim herein.

39.     MSA denies the allegations contained in Paragraph 39 of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 39 of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

40.     This Defendant denies the allegations contained in Paragraph 40 of the Complaint and demands strict proof thereof, insofar as such allegations apply to MSA.

## XI.  PRAYERS FOR RELIEF

41.     MSA denies that the Plaintiffs are entitled to the relief and judgment as alleged in Paragraph 41 and subparagraphs (1) through (6), both inclusive, of the Complaint, and demands strict proof thereof, insofar as such allegations apply to MSA.  This Defendant is without knowledge or information sufficient as to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 and subparagraphs (1) through (6), both inclusive, of the Complaint and, therefore, denies those allegations and demands strict proof thereof.

## GENERAL DENIAL

MSA denies each and every allegation contained in the Complaint not specifically admitted herein.

## FOURTH DEFENSE

The Plaintiffs were not injured by any product manufactured, sold, supplied and/or specified by MSA.  None of this Defendant's products cause any health hazard or injury to the Plaintiffs.

## FIFTH DEFENSE

MSA alleges that the Plaintiffs did not use any of its products at any time.

## SIXTH DEFENSE

If Plaintiffs used any product manufactured, sold, supplied and/or specified by MSA, which is specifically denied, such use was not a factor in causing the Plaintiffs' alleged injuries and/or damages.

## SEVENTH DEFENSE

MSA alleges that if the Plaintiffs were exposed to any harmful dust as a result of their use of any product, manufactured, sold, supplied and/or specified by this Defendant, such exposure in comparison with the total exposure of the Plaintiffs to such harmful dust would be so minimal so as to bring the Plaintiffs under the doctrine de minimus non curat lex with regard to this Defendant and, therefore, precludes recovery.

## EIGHTH DEFENSE

If the Plaintiffs sustained any injuries or damages as alleged in the Complaint, all of which MSA denies, then such injuries and damages were caused or contributed to by reason of the negligence of the Plaintiffs, or other persons, corporations, or entities who may or may not be parties to this litigation.

## NINTH DEFENSE

Should MSA be found liable for any portion of Plaintiffs' injuries, if any, this Defendant is entitled to a credit from settlement monies paid by third parties or other Defendants/Tortfeasors to the Plaintiffs.

## TENTH DEFENSE

If the Plaintiffs sustained any injuries or damages as alleged in the Complaint, all of which MSA denies, then such injuries and damages were the result of pre-existing injuries or conditions, natural and ordinary diseases of life, or were caused, in whole or in part, by "acts of God," environmental, or other factors over which MSA had no control.

## ELEVENTH DEFENSE

MSA alleges that if the Plaintiffs suffered injuries and damages, such injuries and damages are due to the negligence of fellow servants engaged in the course of common employment with said Plaintiffs and such negligence of his fellow servants bars this action.

## TWELFTH DEFENSE

MSA alleges that it is not liable for the Plaintiffs' injuries and damages where products sold by it for use during the course of government contract work complied in every material aspect with the specifications for such products and where the government's knowledge of the potential dangers related to the use of those products, if any, was equal to or greater than its knowledge.

## THIRTEENTH DEFENSE

MSA had no control over any harmful substances to which Plaintiffs were allegedly exposed.

## FOURTEENTH DEFENSE

MSA was not the origin or source of any harmful substances to which Plaintiffs were allegedly exposed.

## FIFTEENTH DEFENSE

The occurrence and injuries made the basis of this suit were solely, or at least in part, proximately caused by acts or omissions constituting negligence or strict liability of third parties or other Defendants for whom MSA is not responsible such that Plaintiffs should be barred from recovery, or at least that the Plaintiffs' recovery should be reduced in proportion to the percentage of responsibility attributable to third parties.

## SIXTEENTH DEFENSE

The Plaintiffs were guilty of negligence equal to or greater than the combined negligence, if any, alleged against Defendants/Tortfeasors, including MSA, which negligence proximately caused or contributed to the alleged injuries and damages about which the Plaintiffs complain.

## SEVENTEENTH DEFENSE

MSA alleges that the injuries and damages complained of by the Plaintiffs were proximately caused or contributed to by a superseding or intervening cause other than an act or omission on the part of this Defendant and, consequently, recovery against MSA is barred.

## EIGHTEENTH DEFENSE

Since the occurrence and injuries alleged in the Complaint were not the result of any negligence on MSA's part, such occurrence and the alleged damages to the Plaintiffs were unavoidable.

11

## NINETEENTH DEFENSE

MSA denies any liability whatsoever to the Plaintiffs. However, if MSA is held to answer under the allegations set forth against it, then all other Defendants/Tortfeasors are jointly and severally liable with MSA.   Accordingly, MSA is entitled to contribution from said Defendants/Tortfeasors for any amount that MSA may be required to pay and is entitled to have the relative degrees of fault determined.  Furthermore, MSA is entitled to indemnification from all other Defendants/Tortfeasors for any other amount that MSA may be required to pay arising out of this Civil Action.

## TWENTIETH DEFENSE

MSA asserts that in the event it is found to be liable to Plaintiffs, which liability this Defendant expressly denies, then MSA is entitled to a reduction for the negligence or other liability for damages which are attributable to any other party to this lawsuit.

## TWENTY-FIRST DEFENSE

If Plaintiffs have received, or is now or subsequently becomes entitled to recover, any compensation or benefits from any source in connection with the harm alleged in the Complaint, the amount of damages, if any, which may be recoverable in this civil action, must be diminished by the amount of such recovery, compensation or benefits.

## TWENTY-SECOND DEFENSE

MSA asserts its general right to seek contribution and indemnification.

## TWENTY-THIRD DEFENSE

The Plaintiffs' action is barred in whole, or in part, by virtue of the limitations imposed by the Statute of Repose.

## TWENTY-FOURTH DEFENSE

MSA alleges that the Plaintiffs put the products alleged to have been manufactured, sold, supplied and/or specified by this Defendant to an unintended, improper or abnormal use, by reason of which the Plaintiffs are barred from the recovery herein.

## TWENTY-FIFTH DEFENSE

MSA alleges that any product allegedly manufactured, sold, supplied and/or specified by this Defendant as described in the Complaint was reasonably safe for its intended use and was not defective in any manner.

## TWENTY-SIXTH  DEFENSE

MSA alleges that any product allegedly manufactured, sold, supplied and/or specified by this Defendant as described in the Complaint was abused, misused or otherwise substantially changed or altered in some manner after it left the custody and possession of MSA and, therefore, MSA is not liable to the Plaintiffs.

## TWENTY-SEVENTH DEFENSE

This Defendant alleges that the Plaintiffs failed to notify MSA of any alleged claims, or any alleged defects in its products, within a reasonable time after the Plaintiffs knew or should have known of the alleged defects of said products, which defects this Defendant denies and, therefore, the Plaintiffs are barred from recovery in this action.

## TWENTY-EIGHTH DEFENSE

MSA alleges that it fulfilled all duties and legal obligations that it may have had to the Plaintiffs.

13

## TWENTY-NINTH DEFENSE

MSA alleges that Mickey Cline was a sophisticated user of the products described in the Complaint and, consequently, there was no duty on the part of this Defendant to warn of any alleged danger to the Plaintiff as a result of his alleged use of this Defendant's products.

## THIRTIETH DEFENSE

MSA alleges that Mickey Cline was an experienced member of a class of skilled individuals upon whose special knowledge and expertise concerning his work this Defendant was entitled to rely. This Defendant asserts that the health risk, if any, to the Plaintiff, and the need and use of respirators was common knowledge within Plaintiff's trade or profession, or at least known to him individually. Therefore, this Defendant, had no duty to warn the Plaintiff.

## THIRTY-FIRST DEFENSE

MSA asserts the defenses of "learned intermediary" and "sophisticated user." This Defendant satisfied its duty, if any, to warn the Plaintiff, through its reasonable reliance on Plaintiff's employers. Plaintiff's employers were adequately trained and warned, familiar with the appropriate use of respirators, and capable of passing on a warning. Plaintiff's employers were required under appropriate federal statutes to provide their employees with a safe place to work, to provide a respiratory program, and to supply appropriate respiratory equipment to their employees. It was, therefore, reasonable for Defendant to believe that Plaintiff's employers were "sophisticated users" and would warn their employees.

## THIRTY-SECOND DEFENSE

MSA alleges that its products were at all times reasonably fit and suitable for the purposes for which they were made or intended. MSA denies that its products were defective in any manner.

14

### THIRTY-THIRD DEFENSE

If the claims of Mickey Cline are barred, the actions of Vanessa Cline are barred because they are derivative actions.

### THIRTY-FOURTH DEFENSE

MSA alleges that the Plaintiffs assumed the risk of the injuries and damages about which they complain, and that such assumption of the risk bars the action of the Plaintiffs.

### THIRTY-FIFTH DEFENSE

There is no privity between MSA and the Plaintiffs and such lack of privity bars the action of the Plaintiffs.

### THIRTY-SIXTH DEFENSE

MSA denies that there existed any warranties, express or implied, between it and the Plaintiffs.

### THIRTY-SEVENTH DEFENSE

MSA has breached no warranties, express or implied, which may have existed between it and the Plaintiffs.

### THIRTY-EIGHTH DEFENSE

MSA sold no goods to Plaintiffs, nor did it make any representations or warranties to Plaintiffs as part of a consumer transaction or otherwise.

### THIRTY-NINTH DEFENSE

MSA denies that it has received any demand or notice from Plaintiffs regarding any alleged warranty claims, and further denies that it was given any opportunity to cure any alleged breach of warranty. Further, Defendant sold no goods to Plaintiffs, nor did it make any representations or warranties to Plaintiffs as part of a consumer transaction or otherwise.

## FORTIETH DEFENSE

Plaintiffs' injuries, if any, were caused by the misuse of the products in question. Plaintiffs' failure to follow warnings and instructions and failure to take reasonable precautions are acts and omissions for which MSA is not responsible.

## FORTY-FIRST DEFENSE

MSA asserts that its products were sold to Mickey Cline's employers, who were knowledgeable purchasers upon whom this Defendant relied to pass on instructions for use, and who were required by OSHA to implement a written respiratory protection program and failed to do so. Therefore, the negligent acts of Mickey Cline's employers were the sole cause of the injuries, if any, sustained by the Plaintiffs.

## FORTY-SECOND DEFENSE

MSA alleges that its products and conduct complied with the state of the art in the applicable industry at the time the conduct occurred. All of the products made by this Defendant that Plaintiffs allegedly used or contacted, and all warnings, packaging, directions and instructions on methods of use, complied with the state of the art at that time, and were of a level of care at least equal to or greater than that of the industry custom at the time. Insofar as there were health hazards not known at the time such products were sold or manufactured, those health hazards were scientifically and/or medically unknowable, and MSA is not responsible for any injury to the Plaintiffs arising therefrom.

## FORTY-THIRD DEFENSE

If it is determined that Plaintiffs used products manufactured, sold, supplied and/or specified by this Defendant in accordance with any and all applicable governmental designs, specifications and regulations, then the Plaintiffs' claims against MSA are barred.

16

## FORTY-FOURTH DEFENSE

MSA asserts the defense of federal preemption.  Any state law claims for failure to warn or marketing defects are preempted.  This Defendant's product or products at issue, including the design, marketing and manufacturing of MSA's product or products, were approved by the appropriate federal regulatory agencies.

## FORTY-FIFTH DEFENSE

MSA provided Plaintiffs with warnings and instructions sufficient to satisfy any duty owed to the Plaintiffs.

## FORTY-SIXTH DEFENSE

MSA provided its distributors with warnings and instructions sufficient to satisfy any duty owed to the Plaintiffs.

## FORTY-SEVENTH DEFENSE

MSA provided Mickey Cline's employers with warnings and instructions sufficient to satisfy any duty owed to the Plaintiffs.

## FORTY-EIGHTH DEFENSE

MSA asserts that it had no control over the allegedly injury-causing products that Plaintiffs allegedly used.

## FORTY-NINTH DEFENSE

MSA asserts that its products, and the warnings and instructions accompanying those products, were substantially and unforeseeably changed by Mickey Cline, his employers, or other third parties after the products, instructions and warnings left this Defendant's control.

## FIFTIETH DEFENSE

MSA asserts that at the time it manufactured the product or products involved in this case, there was no reasonably feasible safer alternative design available for the products.

## FIFTY-FIRST DEFENSE

MSA asserts that the hazards complained of by Plaintiffs were not discovered until after this Defendant had manufactured any of the products allegedly used by Plaintiffs, and that this Defendant never regained control over those products or assumed responsibility for curing any alleged defect connected to the newly discovered hazard.

## FIFTY-SECOND DEFENSE

MSA asserts that the Plaintiffs have failed to take reasonable steps to mitigate their alleged damages, if any.

## FIFTY-THIRD DEFENSE

The Plaintiffs have no cause of action for alleged exemplary or punitive damages since the same is an inappropriate remedy under the facts and circumstances of this case and the Plaintiffs' cause of action, if any, for exemplary or punitive damages fails for lack of insufficient allegations, in particularity, and with specificity.

## FIFTY-FOURTH DEFENSE

Plaintiffs are not entitled to punitive damages because they failed to allege sufficient facts to show any conscious disregard for the safety of Plaintiffs or any willful, wanton or malicious act or omission on the part of MSA.

## FIFTY-FIFTH DEFENSE

The Plaintiffs' claim for punitive damages is a violation of the due process of law clause of the Fourteenth Amendment of the United States Constitution, is a violation of the Eighth

Amendment prohibition of ex post facto laws and laws impairing the obligations of contracts contained in Section 10, Paragraph 1, of Article 1 of the United States Constitution and is a violation of Article 3, Sections 5, 9 and 10, of the West Virginia Constitution.

### FIFTY-SIXTH DEFENSE

The imposition of punitive damages in this action violates this Defendant's constitutional right of due process under the West Virginia and United States Constitution because it creates an unnecessary and undue risk of an improper verdict on the issue of liability, on the measure of compensatory damages, on the issue of whether to award punitive damages and on the measure of punitive damages.

### FIFTY-SEVENTH DEFENSE

MSA asserts that any award of punitive damages would violate the United States Constitution in that:

(a)     Any instruction defining conduct warranting punitive damages is vague and violates the Fifth and Fourteenth Amendments to the United States Constitution;

(b)     An allowance of punitive damages in this case would violate the Commerce Clause, Article One, Section 8, United States Constitution; and

(c)     An allowance of punitive damages in this case would expose this Defendant to multiple awards of punitive damages and thereby subject it to double jeopardy for the same alleged acts.

### FIFTY-EIGHTH DEFENSE

MSA asserts a defense of sporadic use.

### FIFTY-NINTH DEFENSE

MSA asserts that during the period of time for which Plaintiffs have asserted a claim for injuries and damages, the Plaintiffs and this Defendant may have been operating under the provisions of the West Virginia Workmen's Compensation Act and the remedies under said Act are exclusive and bar the Plaintiffs' actions.

### SIXTIETH DEFENSE

If Mickey Cline in this cause of action has contracted an illness or disease because of his job, which is denied, the alleged injury or illness is due to the nature of the occupation and was acquired over a long period of time.  Therefore, it is not the result of working with any particular product or the use of any particular product, but is due to the nature of the employment.

### SIXTY-FIRST DEFENSE

The Plaintiffs have failed to join indispensable parties.

### SIXTY-SECOND DEFENSE

Plaintiffs have fraudulently joined Persinger Supply Company as a party to this action in order to defeat diversity of citizenship and, therefore, prevent removal of this action to the United Stated District Court for the Southern District of West Virginia at Charleston, West Virginia.

### SIXTY-THIRD DEFENSE

If it determined that the Plaintiffs were injured or damaged by any product manufactured, sold, supplied and/or specified by MSA, which products or components of those products were acquired from or sold by or used on behalf of the United States of America or any State thereof, then MSA is entitled to any sovereign or governmental immunity available to the United States of America or any State thereof.

## SIXTY-FOURTH DEFENSE

MSA alleges that the injuries allegedly sustained by the Plaintiffs were wholly or in part sustained prior to the decision of the West Virginia Supreme Court of Appeals in <u>Morningstar v. Black and Decker Manufacturing Co.</u>, 253 S.E. 2d 666 (W. Va. 1979); which decision was not made retroactive in its application and, therefore, the Plaintiffs are barred from asserting a cause of action based upon strict liability for either actual or punitive damages in this action.

## SIXTY-FIFTH DEFENSE

The Complaint should be dismissed because of improper service upon MSA.

## SIXTY-SIXTH DEFENSE

The Complaint should be dismissed because of insufficiency of service of process upon MSA.

## SIXTY-SEVENTH DEFENSE

This case should be dismissed for improper venue, pursuant to West Virginia Code Section 56-1-1.

## SIXTY-EIGHTH DEFENSE

Venue is not proper in this action, pursuant to the laws of the State of West Virginia.

## SIXTY-NINTH DEFENSE

There is a lack of personal jurisdiction over this Defendant, inasmuch as MSA is a foreign corporation, with its principal place of business located outside of West Virginia. MSA does not have significant contacts with the State of West Virginia to confer personal jurisdiction and satisfy the due process requirements of the United States Constitution.

## SEVENTIETH DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

21

## SEVENTY-FIRST DEFENSE

Any liability of MSA is limited by West Virginia Code Section 55-7-24.

## SEVENTY-SECOND DEFENSE

MSA hereby asserts any and all available defenses under the laws of any other jurisdiction should it be determined during the course of Discovery, or otherwise, that such laws should be applied to this civil action.

## SEVENTY-THIRD DEFENSE

The claims alleged in the Complaint are barred by the doctrine of *res judicata* and/or collateral estoppel.

## SEVENTY-FOURTH DEFENSE

MSA alleges that the Plaintiffs' claims are barred and/or limited by the Spoliation Doctrine.

## SEVENTY-FIFTH DEFENSE

MSA alleges that the Plaintiffs' claims are barred by Mr. Cline's failure to follow warnings, instructions or other directives associated with the usage of products allegedly manufactured, sold, supplied and/or specific by this Defendant.

## SEVENTY-SIXTH DEFENSE

MSA cannot be held jointly and severally liable for allegations asserted in the Complaint solely against Persinger Supply Company, if any, where there has been no allegation that this Defendant is a joint tortfeasor in regard to such claims.

## SEVENTY-SEVENTH DEFENSE

The injuries and/or damages alleged in the Complaint arose, in whole or in part, from one or more other causes or circumstances, including, but not limited to, the usage of

tobacco products, and not as a result of the use of any product allegedly manufactured, sold, supplied and/or specified by MSA.

## SEVENTY-EIGHTH DEFENSE

To the extent that the claims attempted to be asserted against this Defendant are predicated upon contractual relationships, the same are barred because Plaintiffs had no contractual relationship, express or implied, with MSA.

## SEVENTY-NINTH DEFENSE

Plaintiffs are not entitled to recover from MSA should discovery reveal that Plaintiffs' claims are barred by disclaimer.

## EIGHTIETH DEFENSE

Plaintiffs are estopped from asserting any claim against MSA because of their actions or inactions.

## EIGHTY-FIRST DEFENSE

Plaintiffs are not entitled to recover from this Defendant should discovery reveal that the Plaintiffs have waived any claim they might have against MSA.

## EIGHTY-SECOND DEFENSE

MSA asserts all available affirmative defenses, whether or not they have been specifically asserted herein, including but not limited to, the affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, laches, waiver, payment, release, and statute of frauds.

### EIGHTY-THIRD DEFENSE

MSA reserves the right to assert such claims, counterclaims, cross-claims, third-party claims or other claims as investigation and discovery may prove applicable and hereby reserves until itself all of its rights associated with any such claim or potential claim.

### EIGHTY-FOURTH DEFENSE

MSA hereby adopts and incorporates by reference all of the affirmative defenses invoked by any other Defendant not specifically enumerated herein and further reserves its rights to assert any and all applicable affirmative defenses as may be appropriate under the facts and circumstances of this case.

### EIGHTY-FIFTH DEFENSE

Because of the generality of the allegations in the Complaint, MSA reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and further to assert any applicable matters of law during the pendency of this action.

WHEREFORE, MSA, demands that the Plaintiffs' Complaint against it be dismissed, with prejudice, that it recover its costs of action and for such other relief as the Court may determine is just and appropriate.

**MINE SAFETY APPLIANCES COMPANY HEREBY DEMANDS A TRIAL OF THIS CASE BY A PROPERLY IMPANELED JURY OF THE MAXIMUM NUMBER OF JURORS ALLOWABLE BY LAW.**

24

MINE SAFETY APPLIANCES COMPANY

BY COUNSEL

Roy D. Baker, Jr., WV State Bar No.: 219
David E. Rich, WV State Bar No: 9141
BAKER & RICH
RIVER TOWER - SUITE 300
1108 THIRD AVENUE
HUNTINGTON, WEST VIRGINIA 25701
TELEPHONE: (304)522-6906
FACSIMILE: (304)522-6910

25

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**MICKEY CLINE and**
**VANESSA CLINE,**

                                          **Civil Action No. 09-C-161**

                **Plaintiffs,**

**v.**

**MINE SAFETY APPLIANCES COMPANY**
**and PERSINGER SUPPLY COMPANY,**

                **Defendants.**

### <u>CERTIFICATE OF SERVICE</u>

The undersigned, counsel for Defendant, Mine Safety Appliances Company,

hereby certifies that on the 10th day of August, 2009 the attached *"ANSWER ON BEHALF OF*

*DEFENDANT, MINE SAFETY APPLIANCES COMPANY"* was filed with the Clerk of the Court

and served upon Counsel of Record as follows:

| | |
|---|---|
| G. Todd Houck | Randall L. Trautwein, Esq. |
| Attorney at Law, lc. | Michael L. Powell, Esq. |
| 105 Guyandotte Avenue | Lamp, O'Dell, Bartram, Levy & Trautwein, PLLC |
| Mullens, WV 25882 | River Tower, Suite 700 |
| *Counsel for the Plaintiffs* | 1108 Third Avenue |
| (Via U.S. Mail) | Huntington, WV 25701 |
| | *Counsel for Persinger Supply Company* |
| | (Via Hand Delivery) |

Roy D. Baker, Jr., WV State Bar No.: 219
David E. Rich, WV State Bar No. 9141
BAKER & RICH
RIVER TOWER - SUITE 300
1108 THIRD AVENUE
HUNTINGTON, WEST VIRGINIA 25701
TELEPHONE: (304)522-6906
FACSIMILE: (304)522-6910

# EXHIBIT B

```
CASE 09-C-161                                                    BOONE                              PAGE  1
MICKEY CLINE AND VANESSA CLINE vs. MINE SAFETY APPLIANCES COMPANY

LINE  DATE      ACTION

  1  07/10/09   CIVIL CASE INFORMATION STATEMENT
  2  07/10/09   COMPLAINT REC'D & FILED BY: TODD HOUCK 105 GUYANDOTTE AVE.,
  3             MULLINS WV 25882 PH# 294-8055
  4  07/10/09   SUMMONS ISSUED TO SEC OF STATE FOR SERVICE ON: MINE SAFETY &
  5             PESINGER SUPPLY
  6  07/16/09   COMPLAINT & SUMMONS RET'D. SERVED ON SEC OF ST. ON BEHALF OF
  7             PESINGER SUPPLY CO. 7/14/09.
  8  07/16/09   COMPLAINT & SUMMONS RET'D. SERVED ON SEC. OF ST. ON BEHALF OF
  9             MINE SAFETY APPLIANCES CO. 7/14/09.
 10  07/27/09   CIVIL CASE INFORMATION STATEMENT
 11  07/27/09   ANSWER OF PESINGER SUPPLY CO. FILED BY: RANDALL L. TRAUTWEIN,
 12             ESQ. P.O. BOX 2688, HUNTINGTON WV 25725. CERT. OF SERV.
 13  08/04/09   CERT. MAIL RECT. FROM SEC. OF ST. SIGNED FOR PESINGER SUPPLY
 14  07/28/09   APPLIANCES CO. REC'D. & FILED. CERT. OF SERV.
 15             NOTICE OF APPEARANCE OF BAKER & RICK ON BEHALF OF KINE SAFETY
 16  08/06/09   APPLIANCES CO. REC'D & FILED.
 17             CERT. BY TERNICI DESKINS 7/16/09. REC'D & FILED. CERT. OF SERV.
 18  08/04/09   OF INTERROGATORIES & REQUESTS FOR PRODUCTION OF DOCUMENTS TO
 19             PLAINTIFF MICKEY CLINE REC'D & FILED.
 20  06/04/09   CIVIL CASE INFORMATION STATEMENT
 21             APPLIANCES CO. BY TERNICI DESKINS. SIGNED FOR MINE SAFETY
 22  08/11/09   ANSWER ON BEHALF OF DEFENDANT REC'D. & FILED
 23  08/31/09   CIVIL CASE INFORMATION STATEMENT
 24             ANSWER ON BEHALF OF DEFENDANT MINE SAFETY APPLIANCES CO. FILED
 25  08/31/09   BY: ROY D. BAKER, JR., ESQ., RIVER TOWER - SUITE 1000,
 26  08/17/09   1108 THIRD AVE, HUNTINGTON, WV 25701. CERT. OF SERV.
 27             CROSS CLAIM OF PESINGER SUPPLY CO. AGAINST KINE SAFETY
 28  09/22/09   APPLIANCES CO. REC'D. & FILED. CERT. OF SERV.
 29             NOTICE OF HEARING SET FOR OCT. 19, 2009 AT 9:30 AM REC'D.
 30  09/22/09   MOTION FOR ADMISSION OF ERIC J. JACOBI PRO HAC VICE REC'D.
 31  09/22/09   VERIFIED STATEMENT OF ERIC J. JACOBI IN SUPPORT OF APPLICATION
 32             FOR ADMISSION PRO HAC VICE REC'D. & FILED.
 33  10/14/09   VERIFIED STATEMENT OF ERIC J. JACOBI IN SUPPORT OF APPLICATION
 34             FOR ADMISSION PRO HAC VICE REC'D AND FILED.
 35  10/22/09   ANSWER ON BEHALF OF MINE SAFETY APPLIANCES COMPANY TO CROSS
 36             CLAIM OF PESINGER SUPPLY COMPANY REC'D AND FILED BY ROY D. BAKER
 37  11/10/09   JR. 1108 3RD AVENUE HUNTINGTON WV 25701 CERT. OF SERV.
 38             ORDER ENTERED; ON MOTION FOR ADMISSION OF ERIC J. JACOBI
 39  10/06/10   PRO HAC VICE, IS GRANTED.
 40             CERT. OF SERVICE OF DEFENDANT PESINGER SUPPLY CO.'S 2ND SET OF
 41             INTERROGATORIES & REQUESTS FOR PRODUCTION OF DOCUMENTS & 1ST
 42  01/19/10   SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFFS.
 43             NOTICE OF ENTRY OF APPEARANCE OF JOHN HMY MORGAN, CERT. OF
 44  03/08/10   SERVICE
 45             NOTICE OF FILING OF NOTICE OF REMOVAL REC'D & FILED. CERT. OF
               SERVICE
```

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

MICKEY CLINE and
VANESSA CLINE,

       Plaintiffs,

v.

                             Civil Action No.  2:10-0230

MINE SAFETY APPLIANCES COMPANY
and PERSINGER SUPPLY COMPANY,

       Defendants.

## CERTIFICATE OF SERVICE

       The undersigned, counsel for Defendant, Mine Safety Appliances Company,

hereby certifies that on the 14th day of April, 2010 the attached *"Memorandum of Law on Behalf*

*of Mine Safety Appliances Company in Opposition to Plaintiffs' Motion to Remand"* was filed

with the Clerk of the Court and served upon Counsel of Record as follows:

G. Todd Houck
Attorney at Law, lc.
105 Guyandotte Avenue
Mullens, WV 25882
*Counsel for the Plaintiffs*
(Via U.S. Mail)

Eric J. Jacobi, Esquire
Kenealy & Jacobi, PLLC
222 East Witherspoon Street
Louisville, KY 40202
*Counsel for Plaintiffs*
(Via U.S. Mail)

John Hunt Morgan, Esquire
P.O. Drawer 2077
Williamson, WV 25661
*Counsel for Plaintiffs*
(Via U.S. Mail)

Randall L. Trautwein, Esq.
Michael L. Powell, Esq.
Lamp, O'Dell, Bartram, Levy & Trautwein,
PLLC
River Tower, Suite 700
1108 Third Avenue
Huntington, WV 25701
*Counsel for Persinger Supply Company*
(Via U.S. Mail)

Roy D. Baker, Jr., WV State Bar No.: 219
BAKER LAW OFFICES
HUNTINGTON CENTRAL BUILDING
320 NINTH STREET, SUITE 200
HUNTINGTON, WEST VIRGINIA 25701
TELEPHONE: (304)522-6906
FACSIMILE: (304)522-6910