**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MICKEY CLINE, and,
VANESSA CLINE,

           Plaintiffs,

v.                            CIVIL ACTION NO. 2:10-cv-00230

MINE SAFETY APPLIANCES COMPANY, et al.,

           Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Before the Court is the Motion to Remand [Docket 3] of Plaintiffs Mickey Cline and Vanessa Cline. For the reasons set forth below, this motion is **GRANTED**.

*I. BACKGROUND*

This case arises from the allegedly unlawful actions of Defendants Mine Safety Appliances Company ("MSA") and Persinger Supply Company ("Persinger"). Plaintiffs allege in the complaint that Plaintiff Mickey Cline, a coal miner, was exposed to harmful dust as a result of his use of respirators manufactured by MSA and sold and distributed by Persinger.

On July 7, 2009, Plaintiffs filed a complaint in the Circuit Court of Boone County, West Virginia, asserting a negligence claim against MSA, a strict liability claim against MSA and Persinger, and a loss of consortium claim for Plaintiff Vanessa Cline. MSA filed a notice of removal on March 4, 2010, seeking to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. According to the notice of removal, MSA is a Pennsylvania corporation with its

principal place of business in Pennsylvania, and Persinger is a West Virginia corporation with its principal place of business in West Virginia. However, MSA contends that Persinger is a fraudulently joined party and therefore should not be considered for jurisdictional purposes. Plaintiffs disagree, arguing that Persinger was not fraudulently joined. Plaintiffs timely filed the pending motion to remand pursuant to 28 U.S.C. § 1447(c) on April 1, 2010. Plaintiffs maintain that because Persinger is a citizen of West Virginia, the parties are not diverse and this Court is without jurisdiction to entertain the complaint. Additionally, Plaintiffs argue that MSA has not met its burden of showing that Persinger is a fraudulently joined party. In its response, MSA advances its argument that Persinger is a fraudulently joined party because under the West Virginia Rules of Civil Procedure, Plaintiffs could not establish a cause of action against Persinger. This matter is now fully briefed and ripe for the Court's consideration.

## II. DISCUSSION

The asserted basis of the Court's jurisdiction over this removed action is that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1332(a). The amount in controversy requirement is not at issue, but the parties disagree as to whether complete diversity exists. The complete diversity requirement is satisfied "when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Plaintiffs and Defendant Persinger are citizens of West Virginia, which suggests that complete diversity does not exist. However, if Persinger is a fraudulently joined party, then its citizenship is irrelevant to the jurisdictional analysis. *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999).

*A.     Fraudulent Joinder*

Fraudulent joinder requires neither fraud nor joinder. Rather, it is "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *cf. Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (adopting term "improper joinder" as more accurate than "fraudulent joinder"). To show that a nondiverse defendant has been fraudulently joined, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 423. In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464. Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233; *see also Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

West Virginia law guides the Court in determining whether there is any possibility that Plaintiffs would be able to establish a right to relief against Persinger in state court. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *see also Hartley*, 187 F.3d at 425. MSA does not argue that

3

Persinger was named as a defendant in an act of outright fraud. Thus, the Court will look to see if Plaintiffs would be able to establish a cause of action against Persinger.

MSA argues that Persinger was fraudulently joined because Plaintiffs did not follow West Virginia Rules of Civil Procedure relating to certain requests for admissions submitted by Persinger to Plaintiffs. The particular requests for admissions that MSA was concerned with would, if admitted, establish that Plaintiffs have no evidence that Persinger sold respirators to MSA or Mr. Cline, and that there is no evidence Mr. Cline used a respirator distributed, supplied, or sold by Persinger. Requests for admissions are deemed admitted unless:

> [W]ithin 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.

W. Va. R. Civ. P. 36. MSA argues that because Plaintiffs did not respond to these requests for admissions on the state court docket, that they are deemed admitted. Thus, because of these admissions, MSA believes that Plaintiff cannot establish a cause of action against Persinger.

In their motion to remand, Plaintiffs counter that the requests are not deemed admitted because Persinger granted Plaintiffs an extension to respond to the requests. Plaintiffs submitted several exhibits with the motion to remand to support their position. An attorney for Plaintiffs and an attorney for Persinger submitted affidavits stating that Persinger agreed to allow Plaintiffs an indefinite amount of time to respond to the requests for admissions. The exhibits also included e-mail correspondence between the attorneys that verify the extension. The affidavits establish that neither of the attorneys believe that the requests for admission were deemed admitted.

MSA argues that the agreed extension between Plaintiffs and Persinger does not comply with Rule 29(b)(2) of the West Virginia Rules of Civil Procedure, which states:

> Subject to paragraph (3), stipulations to modify discovery procedures or limitations will be valid and will be enforced as if established by order of the court, provided the stipulations are in writing, signed by the parties making them or their counsel, timely filed with the clerk of court, and do not affect the time limits specified in subparagraph (1).

MSA states that Plaintiffs and Persinger did not comply with Rule 29 because the stipulation was not filed in the state court action. MSA believes that the "informal e-mails exchanged between counsel for the Plaintiffs and Persinger . . . do not meet the requirements of Rule 29(b)(2) and, thus, have no ability to modify the provisions of Rule 36." (Docket 5, p. 4.)

Plaintiffs reply that Rule 29 does not apply to the extension between Persinger and Plaintiffs because there was no scheduling order in place in the state court action. Plaintiffs argue that Rule 29 only applies when a court has imposed deadlines in a scheduling order.

Rule 36 explicitly allows parties to make private agreements concerning requests for admissions. Plaintiffs and Persinger made such an agreement to give Plaintiffs additional time to respond to Persinger's requests for admissions. Even though Rule 29 references Rule 36, under West Virginia law, the relationship between the two rules is unclear. Therefore, the Court is unable to state the effect Rule 29 has on the extension agreement. Nevertheless, MSA's attempt to manufacture federal jurisdiction by singularly contending that Plaintiffs and Persinger failed to comply with West Virginia procedural law requires too many leaps. The position asserted by MSA on the law is not one that is sufficiently clear from the West Virginia Rules of Civil Procedure or any West Virginia court's analysis of Rules 29 and 36. The Court refuses to find federal jurisdiction on such an uncertain basis, especially when all doubts are to be resolved in favor of remand. *Hartley*, 187 F.3d at 425. Accordingly, the Court **FINDS** that MSA has not met its burden of demonstrating that Plaintiffs have no possibility of establishing a cause of action against Persinger.

*See id.* at 423. Therefore, the Court does not find that Persinger is a fraudulently joined party and its citizenship will be considered for the purpose of evaluating this Court's jurisdiction. *See Mayes*, 198 F.3d at 461.

### B. Removal Jurisdiction

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id.*

The propriety of the Court's jurisdiction over a removed action is evaluated in light of the record as it existed at the time of removal. *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 635 (S. D. W. Va. 2009). In this case, the record as of the date the notice of removal was filed reflects that Mickey Cline and Vanessa Cline are the only plaintiffs and that MSA and Persinger are named as defendants.

Plaintiffs are citizens of West Virginia and Defendant MSA is a citizen of Pennsylvania. However, Defendant Persinger is also a citizen of West Virginia. Thus, there is not complete diversity among the opposing parties. Accordingly, the Court **FINDS** that it may not exercise jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a).

*III. CONCLUSION*

For the reasons set forth above, Plaintiffs' Motion to Remand [Docket 3] is **GRANTED.** The Court hereby **REMANDS** this case to the Circuit Court of Boone County, West Virginia, for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and a certified copy of this Order to the Clerk of the Circuit Court of Boone County.

ENTER: July 14, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE